UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN J. WHITE,

    Petitioner,

    v.                              CAUSE NO. 3:20-CV-796-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Brian J. White, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-20-5-23) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery on staff in violation of Indiana Department of Correction Offense 117. Following a disciplinary hearing, he was sanctioned with a loss of sixty days earned credit time and a demotion in credit class.

White argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He argues that he suffers from post-traumatic stress disorder and, during an episode in which he was reliving the death of his friend, he pulled on a correctional officer's arm in an effort to obtain assistance. He further argues that the record contains no evidence that the correctional officer was injured and that he was not immediately taken to segregation after the incident.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

According to the disciplinary policy, "Battery" is defined as "knowingly or intentionally touching another person in a rude, insolent, or angry manner." ECF 17-9. The administrative record includes a conduct report in which a correctional officer represents that White assaulted him by approaching him and pulling on his left arm. ECF 17-1. It also includes an incident report from a correctional officer regarding the same incident indicating that White was running around the housing unit as if he were intoxicated. ECF 17-2. The administrative record contains a statement from medical staff that White did not have a diagnosis of depression or post-traumatic stress disorder. ECF 17-6. It also contains a portion of his presentence investigation report from a psychologist opining that White suffered from "symptoms of depression rather than classic PTSD." ECF 1-1 at 3. The reports and the medical information constitute some evidence that White committed battery against staff.

White alleges that he did not intend to harm the correctional officer and that he did not injure the correctional officer and asserts that the decision to not place him in segregation support these allegations. However, battery as defined by departmental policy does not require proof of an injury and does not contain an exception allowing

2

inmates to use physical force against correctional staff even in an effort to obtain assistance for others. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Because White has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If White wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Brian J. White leave to proceed in forma pauperis on appeal.

SO ORDERED on September 29, 2021

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge